IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER LEE STOKES**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 1443 |
| ) | |
| **COOK COUNTY CORRECTIONS**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Cook County Department of Corrections ("County Jail") inmate Christopher Stokes ("Stokes") has utilized the printed form of 42 U.S.C. § 1983 ("Section 1983") Complaint made available by the Clerk's Office to sue a defendant designated in the Complaint's caption as "Cook County Corrections" but also referred to in Complaint § II's provision calling for the name or names of defendants as "Title: US Postal Service" and "Place of Employment: Mail Room." Stokes has also accompanied the Complaint with another Clerk's-Office-supplied form: an In Forma Pauperis Application ("Application").

But this Court's initial responsibility, given the federal courts' obligation to deal only with litigation prescribed by Congress, has been succinctly described nearly three decades ago in Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

And as reiterated a decade ago in Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) (internal citations and quotation marks omitted):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

Although the Complaint is difficult to follow, Stokes appears to allege that a letter took over a month to reach him and that a money order contained in the letter was not credited to his trust fund account at the County Jail in the correct amount. Because those allegations do not even come close to advancing a Section 1983 claim of the deprivation of a constitutional right -- or for that matter any other claim coming within the limits of federal subject matter jurisdiction as prescribed by Congress -- this action must perforce be dismissed for lack of federal subject matter jurisdiction, and this Court so orders.

But that is not the end of the story, because our Court of Appeals has consistently held that 28 U.S.C. § 1915 ("Section 1915") mandates that any prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee" (Section 1915(b)(1) (Newlin v. Helman, 123 F.3d 429, 432-33 (7th Cir. 1997), overruled on a different issue in Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)).[1] And for better or worse that means that the price of a filing fee is imposed on the very effort to enter the federal courthouse door, even if that effort is ill-conceived.

In this situation Stokes' Application has not complied with the inexorable statutory requirement of providing a certified copy of his trust fund account statement for the six month period preceding the initiation of this action (that is, the period from August 12, 2014 through February 12, 2015). Accordingly Stokes is ordered to do so on or before March 23, 2015 to enable this Court to discharge its obligation under Section 1915(b).

---

[1] Newlin, id. at 433 added that a prisoner plaintiff who evidences "an unconditional desire to appeal" thereby "irrevocably incurs an obligation to pay the fee." That notion of irrevocability would seem logical to extend as well to the prisoner who has evidenced an unconditional desire to bring suit by the very act of filing his or her complaint.

In sum, both the Complaint and this action are dismissed for lack of subject matter jurisdiction, but Stokes will remain liable for payment of the full filing fee in future installments, so that his Application (Dkt. 3) is granted in the special sense prescribed for prisoner plaintiffs. And finally, the dismissal ordered here is a "strike" for purposes of Section 1915(g).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 24, 2015